IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

FAITH FORESTRY SERVICES, INC.                                                                PLAINTIFF

V.                                                                    CIVIL ACTION NO. 1:17-CV-214-SA-DAS

UNITED STATES DEPARTMENT OF LABOR                                                 DEFENDANT

ORDER AND MEMORANDUM OPINION

Faith Forestry filed its Complaint in this Court on December 22, 2017 seeking relief from certain wages imposed by the Department of Labor under the H-2B temporary worker visa program. After briefing and a hearing, this Court denied Faith Forestry's request for preliminary injunctive relief. *See* Order [36]; Memorandum Opinion [37]. Now before the Court is the Department of Labor's Motion to Dismiss [31]. The issues are fully briefed and ripe for review.

*Factual and Procedural Background*

The facts and circumstances giving rise to this case are largely undisputed. Faith Forestry employs forestry workers at worksites in several southeastern states. Some of Faith Forestry's work requires large numbers of workers on a seasonal basis. To meet the demand for workers, Faith Forestry regularly uses foreign workers employed through the H-2B visa program. Applying for H-2B worker visas is a multi-step process that requires some affirmative actions from Faith Forestry, i.e., advertising the open positions to domestic workers, and multiple decisions from government agencies including, Citizen and Immigration Services, the Department of Homeland Security, and the Department of Labor. As part of the visa process, the Department of Labor assembles and issues a "prevailing wage determination." Faith Forestry must use this wage determination in various ways. Perhaps most importantly, the prevailing wage determination sets the minimum wage that Faith Forestry must pay its H-2B visa workers. The prevailing wage

determination is based on numerous factors with geography as an important component. Thus, the prevailing wage determination issued to Faith Forestry is different for different worksites or locations. The Department issues its prevailing wage determinations annually, at the beginning of July each year.

In April of 2017, Faith Forestry applied for approximately 700 H-2B visas for the upcoming tree-planting season, October 2017 through March 2018. Faith Forestry followed all the steps of the visa program, the Department of Labor issued prevailing wage determinations for all of Faith Forestry's worksites, the H-2B visas were issued, and Faith Forestry ultimately hired approximately 650 foreign workers.

Faith Forestry later learned that some other companies that applied for H-2B visas after Faith Forestry, and after the new July determinations were published, were receiving different prevailing wage determinations for some worksites in Alabama. At least some of these later wage determinations were "corrected" determinations issued by the Department of Labor. Apparently, the Department used some erroneous data when calculating its new wage determinations for certain worksites. The Department issued "corrected" wage determinations, which changed the prevailing wage. Although Faith Forestry is focused on the worksites in Alabama where the "corrected" wage was lowered, it acknowledges that wage determinations for some locations increased based on the post-July 1 data.

Concerned that these newer determinations would give its competitors an unfair bidding advantage, Faith Forestry contacted the Department of Labor by email and requested that the Department lower Faith Forestry's wage determination for these worksites to match. The Department of Labor refused, stating that the wage determination was set based on the relevant data available at the time. Specifically, the Department stated that because Faith Forestry's

application was determined before July 1, 2017, it used the labor data from the previous years that did not contain erroneous data.

The end result here is that Faith Forestry is stuck with a different prevailing wage determination than some companies that applied for visas after July 1. Faith Forestry requests that this Court declare the wage determination issued to it void from the beginning, and enter a permanent injunction allowing it to pay its H-2B visa workers at particular worksites the "corrected" wage of $15.00 per hour. The wage determination issued to Faith Forestry for the worksites in question ranges from $19.71 to $26.08 per hour.

*Question Presented*

Faith Forestry is not challenging the validity of the initial wage determination. In other words, Faith Forestry does not argue that its original wage determination, based on the older data, was erroneous when issued. The Department asserts that it based Faith Forestry's wage determination on the data available at the time, that it has to update and implement new wage data on a regular basis to effectively administer the H-2B program, and it does so on July 1. Faith Forestry applied for the wage determination prior to July 1, so the Department used the wage data available at that time. Faith Forestry does not refute this assertion.

Aggrieved that the new post-July 1 data was more favorable to employers at certain worksites, Faith Forestry is asking that it be permitted to use the newer wage determinations issued to other companies so that it can benefit from a lower determination. Although it asserts otherwise in its complaint, Faith Forestry now acknowledges that the wage determinations based on the new data actually increased wages at some worksites. Faith Forestry now concedes that, if granted relief, it will abide by all of the newer wage determinations, higher and lower.

It is important to note that in its correspondence with the Department, Faith Forestry only requested a "correction" of the wage determinations that were lower for certain worksites in Alabama. The Department merely responded that Faith Forestry's wage determination was based on the pre-July 1 data. Faith Forestry did not request a review of its wage determination in its entirety. It is also important to note that when Faith Forestry made its email request to the Department to lower its wage determination, at least some of Faith Forestry's H-2B visa workers were already working.[1]

The Department now requests that the Court dismiss the Plaintiff's complaint. The Department argues first, that the Plaintiff lacks standing to bring this action, because the Plaintiff's alleged injury cannot be redressed by a favorable decision in this case; second that the Plaintiff failed to exhaust its administrative remedies; third that the Plaintiff fails to state a claim under the Administrative Procedure Act; and finally, that the Plaintiff fails to state a claim that § 558 of the Administrative Procedures Act provides it with some type of relief.

Because the standing is the most fundamental issue raised by the Parties, the Court will address it first. *See Singh v. RadioShack Corp.*, 882 F.3d 137, 150–51 (5th Cir. 2018).

*Standing*

"Under Article III of the Constitution, plaintiffs seeking redress in federal court have the burden of proving that they have standing, meaning they are "entitled to have the court decide the merits of the dispute or of particular issues." *Singh*, 882 F.3d at 150-51 (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 493, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009); *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)). "Standing must be decided at the threshold of

---

[1] The parties acknowledge that there is no mechanism for reviewing and amending wage determinations after visas are issued and foreign workers are hired and working although an employer may seek a new prevailing wage by filing a prevailing wage request. *See* 20 C.F.R. § 655.10.

every federal case–before a determination on the merits." *Id*. To prove standing, a plaintiff must "allege (1) an injury that is (2) 'fairly traceable to the defendant's allegedly unlawful conduct,' and that is (3) 'likely to be redressed by the requested relief.'" *Id*. (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 590, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) (quoting *Allen v. Wright*, 468 U.S. 737, 751, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984)).

The Department argues that Faith Forestry has an independent obligation to pay the workers already employed and working the wage that it offered and agreed to when the visas were issued and it hired them. The Department further argues that Faith Forestry is bound by this offer and agreement regardless of the decision of this Court relative to the later preliminary wage determination. According to the Department both the Application for Temporary Employment Certification, and the Employer Declaration executed by Faith Forestry obligate it to pay the agreed wage.[2]

The Department relies on *Frederick Cty. Fruit Growers Ass'n, Inc. v. Martin*, 968 F.2d 1265 (D.C. Cir. 1992); *Woodside Vill. v. Sec'y of U.S. Dep't of Labor*, 611 F.2d 312 (9th Cir. 1980); and *Salazar-Calderon v. Presidio Valley Farmers Ass'n*, 765 F.2d 1334 (5th Cir. 1985) to support its argument.

*Martin* is an H-2A visa worker case, that held that employers who were required to promise certain piece rate wages in their H-2A visa applications, and who failed to preserve their right to challenge those wages prior to accepting H-2A workers, were liable for the promised wages even if the Secretary of Labor erred in requiring those wages. *See Martin*, 968 F.2d at 1269. *Woodside* is a case brought by a private contractor to compel the release of construction loan funds which

---

[2] Interestingly, the Department of Labor also now takes the position that even the employers that received "corrected" wage determinations are required to pay the original wage they offered to employees during the hiring process. This, if followed through on by the Department through management and enforcement, would of course alleviate Faith Forestry's concern regarding wage disparity and moot its claim.

were being withheld on orders of the Departments of Labor and Housing and Urban Development because of alleged violations of the Davis-Bacon Act. The court in *Woodside* found that the contractor who "voluntarily and knowingly agreed" to pay its workers the prevailing wage rate required by the Davis-Bacon Act was required to comply with its promise to pay that wage, regardless of whether its promise to do so was required by law. *See Woodside*, 611 F.2d at 315. *Salazar-Calderon* is a Fifth Circuit case that held that the terms of employment set out in the Department's H-2 regulations, were the terms the defendant employers were required to offer, and that the offered wage rate was the rate that required to be paid under the employment agreement. *See Salazar-Calderon*, 765 F.2d at 1342.

In response, Faith Forestry argues that its injury in this case is the uncertainty over which prevailing wage it is bound by, and that a determination by this Court would remedy its uncertainty. Faith Forestry wholly fails to address or distinguish the arguments asserted by the Department in the case precedents discussed above.

Faith Forestry's uncertainty argument, while creative, grossly mischaracterizes the status quo. Faith Forestry stated in its Complaint "DOL set the minimum wage for some of Faith Forestry's Alabama H-2B forestry services workers at $19.71 to $26.08 per hour (depending on county or other defined region of the state) and is requiring Faith Forestry to pay H-2B workers this amount." Based on this certain statement, upon which Faith Forestry claims in it Complaint that it is aggrieved, the Court finds that Faith Forestry cannot now argue that it is uncertain which wage it is bound by. In addition, Faith Forestry stated on the record several times at the preliminary injunction hearing both that it understood that it was bound by the original wage determination, and that it was opening itself up to a potential enforcement action by the Department if it failed to pay the wage set by the original determination.

6

Based on the record and the relevant precedent, the Court finds that Faith Forestry does have an independent obligation to pay the workers the wage that it agreed and contracted with them to pay, the same wage under which the visas were issued, and thus lacks standing to pursue this action on the basis of redressability. *See Martin*, 968 F.2d 1269; *Woodside*, 611 F.2d at 315; *Salazar-Calderon*, 765 F.2d at 1342; s*ee also Singh*, 882 F.3d at 150-51 (citing *Lujan*, 504 U.S. 555 at 590, 112 S. Ct. 2130; *Allen*, 468 U.S. at 751, 104 S. Ct. 3315).

*Conclusion*

For all of the reasons discussed above, the Court finds that Faith Forestry lacks standing to pursue this action. The Department of Labor's Motion to Dismiss [31] is GRANTED and this CASE is DISMISSED.

It is SO ORDERED on this the 1st day of August, 2018.

  /s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE